UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE M.I.B. GROUP, LLC, a California limited liability company,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>STEVEN R. AGUILAR, an individual; MIB-SHIELD LLC, a Nevada limited liability company; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants.<br><br>STEVEN R. AGUILAR, an individual; MIB-SHIELD LLC, a Nevada limited liability company,<br><br>　　　　Counterclaimants and<br>　　　　Third-Party Plaintiffs,<br><br>vs.<br><br>THE M.I.B. GROUP, LLC, a California limited liability company, TYRONE WILKERSON, an individual, and ROES 1 through 10, inclusive,<br><br>　　　　Counter-Defendant and<br>　　　　Third-Party Defendant. | Case No.: 5:23-cv-1597-SVW-SHK<br>Hon. Stephen V. Wilson<br><br>**JUDGMENT AND PERMANENT INJUNCTION IN FAVOR OF PLAINTIFF THE M.I.B. GROUP, LLC**<br><br>Complaint Filed: August 9, 2023<br>Trial Date: April 16, 2024 |

This dispute arose between Plaintiff THE M.I.B. GROUP, LLC ("**Plaintiff**"), on the one hand, and Defendant STEVEN R. AGUILAR ("**Aguilar**") and MIB-SHIELD LLC ("**SHIELD**"), which is owned and exclusively operated by Aguilar, on the other hand (collectively, Aguilar and SHIELD are referred to herein as "**Defendants**"). During the Pre-Trial Conference on April 16, 2024, the Court granted partial summary judgment to Plaintiff for the reasons stated on the record. ECF No. 78. The Court then held a two-day jury trial on April 16-17, 2024, on the narrow question of whether Aguilar was working as an employee of Plaintiff when he registered the domain name www.mibsecuritygroup.com."

After the jury found for Plaintiff, the parties submitted cross-motions for summary judgment. ECF Nos. 91 (Plaintiff), 93 (Defendants). On July 16, 2024, the Court denied Defendants' motion for summary judgment and granted Plaintiff's motion for summary judgment, in part, and ordered Plaintiff to move for attorney fees. ECF No. 114. On September 20, 2024, the Court granted Plaintiff's motion for attorney fees. ECF No. 124. Based upon the foregoing, and the reasons stated on the record and in the foregoing Orders of this Court, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Plaintiff THE M.I.B. GROUP, LLC be awarded Judgment and a permanent injunction in this action against Defendant STEVEN R. AGUILAR and Defendant MIB-SHIELD LLC as follows:

## I. DAMAGES

On July 16, 2024, the Court entered judgment for Plaintiff and against Defendants. *See* ECF No. 115. Pursuant to, and the reasons stated in, the Court's July 16, 2024 Order (ECF No. 114), Plaintiff was awarded one million three hundred fifty thousand United States dollars (US$1,350,000.00) for disgorgement of profits together with fifty thousand United States dollars (US$50,000.00) for statutory damages for cybersquatting. Accordingly, Defendants are hereby jointly and severally liable to pay and shall pay to Plaintiff the amount of one million four hundred thousand United States dollars (**US$1,400,000.00**).

///

## II. ATTORNEY'S FEES

Pursuant to, and the reasons stated in, the Court's July 16, 2024 Order (ECF No. 114), this case is found to be exceptional for purposes of 15 U.S.C. § 1117(a), and Plaintiff is entitled to recover reasonable attorneys' fees from Defendants. For the reasons set forth in the Court's September 20, 2024 Order (ECF No. 124) awarding Plaintiff attorney's fees against Defendants collectively and individually, Defendants are hereby jointly and severally liable to pay and shall pay to Plaintiff the amount of amount of two hundred eighteen thousand four hundred thirty-nine United States dollars and twenty five United States cents (**$218,439.25**).

## III. TOTAL MONETARY JUDGMENT

Based upon the foregoing, Plaintiff is awarded a total monetary judgment, and Defendants are hereby jointly and severally liable to pay and shall pay to Plaintiff, the amount of one million six hundred eighteen thousand four hundred thirty nine United States dollars and twenty five United States cents (**US$1,618,439.25**).

## IV. PERMANENT INJUNCTION

1. Plaintiff owns common law rights to the following valid, protectable marks for use in connection with private security services, including, training in the use of firearms, conducting personal security clearance background investigations, private investigation services, personal security consultation services, executive protection services and security threat analysis for protecting personal safety (hereinafter "**Security Services**"), since date(s) earlier than any priority date Defendants can prove (hereinafter "**Plaintiff's Common Law Marks**"):

| MIB | M.I.B. [logo] | THE M.I.B. GROUP |
|---|---|---|

/ / /

2.     Plaintiff owns the following valid, protectable, federal registrations, which have nationwide constructive use, and which Defendants have failed to prove rights prior thereto (hereinafter "**Plaintiff's Federally Registered Marks**"):

| MARK | REG. NO. REG. DATE | GOODS/SERVICES |
|---|---|---|
| M.I.B. SECURITY GROUP | 6,814,995 Aug. 9, 2022 | Training in the use of Firearms (Class 41); and Conducting personal security clearance background investigations; Personal security consultation; Security services, namely, providing executive protection; Security Threat analysis for protecting personal safety (Class 45) |
| [MIB GROUP logo] | 6,812,698 Aug. 9, 2022 | Training in the use of Firearms (Class 41); and Conducting personal security clearance background investigations; Personal security consultation; Security services, namely, providing executive protection; Security Threat analysis for protecting personal safety (Class 45) |

3.     Plaintiff is suffering irreparable injury to its ability to control the foregoing trademarks and there exists risk of likely confusion among existing and potential customers of Security Services by virtue of Defendants' use of trademarks in connection therewith that are confusingly similar and/or identical to Plaintiff's trademarks;

4.     There is a great public interest in avoiding consumer confusion by protecting trademark owners against infringement;

5.     The parties' marks are substantially similar and the domain names that they use are virtually identical;

6.     Because Aguilar is a former employee of a predecessor in interest to Plaintiff, Defendants have had ample notice (including, without limitation, actual notice of one or more of Plaintiff's Common Law Marks since at least as early as 2006 and constructive notice of Plaintiff's Federally Registered Marks since at least August 9, 2022) to cease and desist from infringing conduct both before and during this action and, therefore, ceasing use of the trademarks enjoined herein will not cause an undue hardship for Defendants;

/ / /

7. Given Defendants' willful infringement, ceasing use of the trademarks enjoined below also will not cause an undue hardship for Defendants;

8. Based on the foregoing, for good cause shown, and pursuant to 15 U.S.C. §§ 1116(a) and 1118, the laws of the State of California, and principles of equity, the Court hereby permanently enjoins Defendants from:

    a. Using Plaintiff's Common Law Marks, Plaintiff's Federally Registered Marks, any mark containing the term MIB, either alone or in combination with other words, whether in the singular or plural form, as well as any other mark, trade name, or domain name that is a colorable imitation of any of the foregoing, or which is likely to cause confusion therewith (the "**Enjoined Marks**"), in commerce or in connection with the advertising, promoting, providing and/or selling of any goods, services, or other offerings constituting or relating to Security Services;

    b. Using, registering, renewing, transferring, selling, licensing or otherwise granting control over any Internet domain name containing the Enjoined Marks (Except as Ordered in ¶ 9 below pertaining to mibsecuritygroup.com and mibsecuritygroup.net);

    c. Using the Enjoined Marks on or in connection with any Internet content, including websites, web pages, or social media sites such as Facebook, Instagram, YouTube, Twitter, or Pinterest;

    d. Obtaining, using or maintaining any email address that incorporates the Enjoined Marks;

    e. Obtaining or maintaining any printed or online telephone, business, or local directory listing containing the Enjoined Marks;

    f. Using any signs, posters, advertisements, fliers, brochures, press releases, newsletters or other informational circulars, invoices, labels, prints, packages, bags, business or gift cards, wrappers, receptacles, shirts, robes, hats, and all other articles of apparel or accessories, and any other materials on which the Enjoined

Marks may be printed or displayed;

9. Within five (5) days of the date of this Order, Defendants are ordered to transfer to Plaintiff the following domain names (each of which Defendants have acknowledged under oath as having registered): (i) mibsecuritygroup.com and (ii) mibsecuritygroup.net.

10. Within five (5) days of the date of this Order, Defendants are ordered to surrender to counsel for Plaintiff for destruction all badges, advertising materials, publications, labels, signage, packages, bags, business cards, shirts, robes, hats, and all other articles of apparel or accessories, and any other materials on which the Enjoined Marks have been printed or displayed, together with all plates, molds, matrices, and other means of making or duplicating the same and any other materials that contain the Enjoined Marks;

11. This Permanent Injunction shall bind Defendant Aguilar, individually, and all persons in active concert or participation with Defendant Aguilar who receive actual notice of this Permanent Injunction by personal service or otherwise.

12. This Permanent Injunction shall also bind Defendant SHIELD and its members, officers, directors, agents, servants, employees, attorneys, principals, shareholders, successors, and assigns, and all those in active concert or participation therewith, who receive actual notice of this Permanent Injunction by personal service or otherwise.

13. Defendants are ordered to provide a copy of this Permanent Injunction to Defendant SHIELD's members, officers, directors, agents, servants, employees, attorneys, principals, shareholders, successors, and assigns.

14. Violation of this Permanent Injunction shall expose DEFENDANTS, and all others properly bound by it, to all applicable penalties, including for contempt of Court.

15. To the extent that Defendant STEVEN R. AGUILAR and/or Defendant MIB-SHIELD LLC asserted any rights and/or claims against Plaintiff THE M.I.B. GROUP, LLC, such rights and/or claims are denied.

16. This Court shall retain jurisdiction over this action to ensure compliance and, to the extent necessary, to enforce this Judgment and Permanent Injunction, as well to determine any issues that may arise hereunder.

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

Dated: December 13, 2024

_____
Hon. Stephen V. Wilson
United States District Court Judge

[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION IN FAVOR OF PLAINTIFF
Case No. 5:23-cv-1597-SVW-SHK

6